Nos. 564 and 637

First Circuit

---

LAKE CHARLES FEED CO., INC., v. SABATIER

---

(December 30, 1929. Opinion and Decree.)
(June 30, 1930. Rehearing Refused.)
(August 7, 1930. Writs of Certiorari and Review Refused by Supreme Court.)

---

McCoy, Moss & King, of Lake Charles, attorneys for plaintiff, appellant.

Chappuis & Chappuis, of Crowley, attorneys for defendant, appellee.

LECHE, J. The pertinent facts in this case are not disputed and the main controversy, depends for solution on a question of law.

The defendant sent his check for $825 to the plaintiff to pay a claim for merchandise. The check was dated January 15, 1926, and was drawn in favor of plaintiff on the Iota Branch of Crowley Trust & Savings Bank. It was deposited by plaintiff in the Calcasieu National Bank of Southwestern Louisiana on January 18, 1926. On the same day, the Calcasieu Bank forwarded the check to its correspondent in New Orleans, the Canal Commercial & Savings Bank, for collection. On January 20, 1926, the Iota Branch of the Crowley Trust & Savings Bank forwarded to the Canal Commercial Bank of New Orleans its own check, in payment of that drawn upon it by defendant, but, before the check drawn by the Iota Bank could be collected, the Iota Bank was closed by the commissioner of state banks and the latter check was never paid.

The Canal Commercial Bank charged back the amount of the check to the Calcasieu National Bank, and that bank charged back the amount to plaintiff. The question in the case is: Who must suffer the loss of the amount called for in defendant's check? Must the plaintiff, or must the defendant, lose it, if loss there should be? In reciting the movements of defendant's check, the dates are given, and, from the check itself, it appears that it was issued in Iota, forwarded to Lake Charles, thence to New Orleans, and back to Iota, so that no question of negligence from delay in presenting the check is raised by the pleadings or in argument, and it is not disputed that the check was presented and sought to be collected in due and ordinary course of business.

The original check is on file in the record, and, while it appears to be stamped "paid," there is no question that this stamping was done by the Iota Bank itself, and not by plaintiff or its collecting agents, for in point of fact, notwithstanding the stamped mark, plaintiff never received the amount called for by said check.

Although the evidence does not expressly so disclose, it is assumed, and not questioned, that the credit given to plaintiff by the Calcasieu National Bank, and that given by the Canal Commercial Bank of New Orleans to the Calcasieu National Bank, were conditioned with the proviso "that the amount called for by defendant's check on the Iota Bank be paid." In other words, there is nothing to justify the inference that the transfers of the check by plaintiff to the Calcasieu National Bank, and by that bank to the Canal Commercial Bank of New Orleans, were sales or were transfers of the ownership of the check. These transfers were merely in aid of, and for the purpose of facilitating, collection. The fact that the amount called for by the check was charged back shows unmistakably the intention of the parties.

Nor is it contended that plaintiff accepted defendant's check otherwise than with the implied condition that it would only be considered a payment when actually paid by the drawee bank. There is no doubt that, by accepting defendant's check, plaintiff did not novate its claim, which might, for aught we know, have been secured by some privilege which the law may have vested in favor of plaintiff as a furnisher of supplies.

The question, then, in its final analysis, is whether the check or bank exchange, issued by the Iota Bank, constituted a payment notwithstanding the fact that such check or bank exchange was not paid. There is no express agreement shown in the evidence to that effect, and to hold to the affirmative of that proposition seems inequitable and illogical. No statute law or jurisprudence is pointed out to sustain such a conclusion.

A somewhat similar question was presented to this court in the case of Holmes & Barnes v. Shawnee Milling Co., 5 La. App. 392 (see concurring opinion of Leche, J.). In the case of Haas et al. v. Opelousas-St. Landry Bank & Trust Co., 9 La. App. 166, although the identical question is not presented, this court held in effect that a check, in the absence of an express agreement to the contrary, does not constitute a payment until its proceeds are actually received and placed under the control and in the custody of the collecting bank. The money represented by the check or bank exchange of the Iota Bank never was received, and never reached the custody of the collecting banks, nor of the plaintiff in this case. There was, therefore, no payment.

This suit is upon an open account, which is not contested, save to the extent that defendant claims a credit of $825, which he claims to have paid by his check on the Iota Branch of the Crowley Trust & Savings Bank, the basis of the real controversy in the case.

There is another defense made by plaintiff to the credit or compensation claimed by defendant, but it is unnecessary to pass thereon.

For these reasons, the judgment of the district court is avoided and reversed, and it is ordered that plaintiff recover of defendant the sum of $1005.70, with legal interest thereon from judicial demand, together with all costs of this suit, as prayed for.

## ON REHEARING

ELLIOTT, J. J. A. Sabatier, defendant-appellee, applied for a rehearing herein, urging that this court erred in holding that the check for $825 drawn by him on Iota Branch of Crowley Trust & Savings Bank in favor of the plaintiff had not been paid, and that he was not entitled to credit for same against the account sued on.

The rehearing was granted and we have considered his argument on the subject again.

The re-consideration has not changed our former views on the question. We are convinced that our former opinion and decree herein was correct.

For these reasons our former opinion and decree herein is now reinstated as the opinion and decree of this court and made final.

MOUTON, J. (dissenting). It is shown when the check for $825 was paid by the bank, that it was charged up to defendant's checking account. A check is not an assignment of the fund drawn against, but it becomes an assignment when it is accepted or paid by the drawee bank. In such a case the funds to the amount drawn against are withdrawn from the control of the drawer, and to that extent are as effectually diminished as if the money had been actually handed over to the payee. Instead of taking the money for the check plaintiff accepted the bank's draft or exchange which evidently was based on the amount which had been withdrawn from

defendant's control. Plaintiff might have claimed that the bank was responsible on this draft or exchange but it cannot recoup itself against defendant for the amount claimed which he paid.

I therefore respectfully dissent.