MORRIS L. COWEN, *et al.*, v. INDIANAPOLIS LIFE INSURANCE COMPANY.

157 So. 180.

Opinion Filed October 12, 1934.

Petition for Rehearing Denied November 12, 1934.

*Stapp, Gourley, Vining & Ward,* for Appellants;

*Shutts & Bowen* and *E. S. Quick,* for Appellee.

DAVIS, C. J.—A mortgage and note were given to evidence and secure an indebtedness arising out of a loan of money made to the makers of the note and mortgage. On December 15, 1930, there was past due and unpaid $3,000.00 of the principal sum evidenced by the obligation just referred to. At that time the appellants, Gertrude S. Cowen and Morris Cowen, not as mortgagors, but as the owners of the fee simple title to the mortgaged property, were in possession thereof.

On said last mentioned date the said Morris L. Cowen, desiring to pay off and satisfy the mortgage indebtedness, delivered to the mortgagee's collecting agent, Miami Bond & Mortgage Company at Miami, which at the time had in its possession as such agent the original note and mortgage, a cashier's check payable to the mortgagee, drawn on the City National Bank of Miami, in a sum sufficient to pay all principal and interst due.

Upon receipt of the check, the said collecting agent of the mortgagee delivered to the defendant, Cowen, the orig-

inal note and mortgage and at the same time also delivered to said Cowen a formal satisfaction piece that had been executed for that very purpose by the mortgagee itself, namely, the appellee Indianapolis Life Insurance Company.

The check so delivered over was sent in by the mortgagee's collecting agent to its home office. There it was received and forwarded back to Miami for collection. Before collection could be made, however, the drawee bank had failed. Whereupon the mortgagee repudiated its satisfaction piece and brought this suit to re-establish and foreclose its mortgage. The Chancellor ruled with the mortgagee and the owner of the encumbered property held subject to the mortgage, has appealed from the final decree of foreclosure.

It appears from the evidence that Miami Bond & Mortgage Company was the acknowledged collecting agent of the mortgagee, Indianapolis Life Insurance Company; that as such collection agent it was entrusted with the original note and mortgage as well as given possession of an executed instrument of satisfaction designed and executed by the mortgagee company for the purpose of enabling its said collection agent to surrender the same to the owner of the mortgaged property in furtherance of negotiations begun with the property owner for the mortgage's satisfaction and discharge by payment.

It further appears that the said collection agent being so entrusted with the conduct of the principal's business and the possession of its papers, and acting within what appeared to be the scope of its authority, advised the property owner that the said note, mortgage, abstract and the executed satisfaction piece, would be surrendered to him upon receipt from him of "either a cashier's check or a certified check in the amount of $3126.67." covering the balance of prin-

cipal and the accrued interest. The agent's letter was dated December 15, 1930.

Immediately upon receipt of the letter the property owner, to whom it was addressed, went to his safety deposit box took sufficient cash therefrom and as authorized by the letter, purchased a cashier's check from the City National Bank with which to pay off the mortgage as instructed, and thereby receive the papers and satisfaction agreed to be surrendered in consideration thereof. At that time the drawee bank was open and doing business, and no one suspected its likelihood of closing.

The Miami Bond & Mortgage Company, purporting to act as agent for the Indianapolis Life Insurance Company with reference to the particular transaction, and being at the time clothed with ostensible authority to make a valid delivery of the note, mortgage, abstract and the satisfaction piece which it had in hand from its principal for that very purpose, accepted from Cowen the cashier's check he had tendered, made payable to the mortgagee, and thereupon surrendered to Cowen all of the papers it had promised to surrender in consideration of that form of payment.

When the cashier's check was sent in to the home office of the principal, it made no effort at that time to rescind what its agent had done in accepting the check instead of cash in return for the delivery of the satisfaction of the mortgage. On the contrary, said principal affirmatively accepted the cashier's check its agent had sent to it, and forwarded it for collection in the usual course.

The Miami Bond & Mortgage Company had been the appointed and acting collection agent for the Indianapolis Life Insurance Company with reference to this particular mortgage since 1928. Earlier payments on the mortgage had been made by check and accepted by the mortgagee from

Cowen. The payment falling due in December, 1930, was the last payment due under the mortgage and was made payable direct to Indianapolis Life Insurance Company as at least one of the earlier checks had been made payable and had been accepted without objection, so far as the record shows.

The special master found that the burden of proof was on the complainant below to negative the presumption of payment arising from the delivery of the satisfaction piece. We agree with the Master and Chancellor on this point. But we are unable to reach the conclusion arrived at in the court below to the effect that this burden was successfully met by the complainant's proofs.

The Indianapolis Life Insurance Company, having clothed its collection agent with full vestigia of authority to close the transaction with Cowen for the satisfaction of the mortgage, and having placed in its agent's possession for delivery to Cowen all of the papers necessary to make a satisfaction of the mortgage complete, and having clothed its said agent with apparent authority to ask for and to receive a cashier's check as a medium of payment for the closing of the deal—a method of payment it had been accustomed to recognize with respect to earlier payments on the same mortgage by the same party, and having placed in its agent's hands its mortgage, note, abstract, and executed satisfaction of mortgage with admitted authority to make a valid delivery of same to the owner of the mortgaged property in order to procure some acceptable form of payment from such owner, and having thereafter made no objection to the use of a cashier's check as a form of payment until after the bank had failed upon which it was drawn, will be held bound by its agent's executed agreement for acceptance of the check as absolute payment, and the

note and mortgage surrendered in consideration of the check as payment, will be deemed to have been paid off and discharged.

At the time the transaction was closed, the agent had been vested with apparent, if not real, authority to make the proposal it did in the letter of December 15, 1930, sent to the responsible party who had previously advised the principal (mortgagee) of his desire to pay off the mortgage at maturity. The agent thus had authority to both make and execute an agreement (such as was implied if not directly proposed by the letter of December 15, 1930) to surrender the note, mortgage, abstract, satisfaction and other papers and thereupon to accept the cashier's check as payment absolute in consideration of what had been done by the property owner toward compliance with the proposal to take either a cashier's check or a certified check—either of which would be a substitution of the bank's credit for that of the debtor. And that the agent's agreement both made and executed while thus negotiating for its principal on the dual subject of payment and discharge of the mortgage debt is binding on the principal with like effect as if the principal itself had been present and done the identical things, cannot be doubted under the law of agency as declared in this State. See Parsons v. Federal Realty Corp., 105 Fla. 105, 143 Sou. Rep. 912.

We are not unmindful of the rule that in the absence of an agreement to the contrary, the acceptance by a creditor of a check, whether it be a cashier's check, certified check or the debtor's check, or the check of a third person, and the surrender of the evidence of indebtedness and the giving of a receipt do not constitute payment *per se*. Storey on Bills, Section 419; Lloyd Mortgage Co. v. Davis, 51 N. D. 336, 199 N. W. Rep. 869, 36 A. L. R. 465; Reddingen v.

Boston Elastic Fabric Co., 100 Mass. 422; Lake Charles Feed Co. v. Sabatier, 14 La. Ap. 233, 125 Sou. Rep. 318; Wessell Plumbing Co. v. Schriber & Curtis, 16 La. Ap. 505, 134 Sou. Rep. 336; Breathitt County Board of Education v. Cockrell 238 Ky. 694, 38 S. W. (2nd) 660; Shepherd. v. Busch, 154 Pa. St. 149, 26 Atl. Rep. 363; Heartt v. Rhodes, 66 Ill. 351; Henry v. Conley, 48 Ark. 267, 3 S. W. Rep. 181; Philadelphia Life Ins. Co. v. Hayworth, 296 Fed. 339; Cox v. Boone, 8 W. Va. 500, 23 Am. Rep. 627; 2 Morse on Banks and Banking, Sec. 544; Brady on Bank Checks, 21.

But where the acceptance of a check of particular kind, such as a cashier's check or a certified check, is preceded by an advance proposal of the creditor, or of his agent thereunto authorized, to have payment made by the debtor in that particular medium at the debtor's option, and the debtor accepts such proposal and thereupon puts himself to the inconvenience, and perhaps added expense, of affirmatively procuring a cashier's check or a certified check with which to make the proposal of the creditor to receive payment in that medium effective, and the transaction is actually closed on the basis of such particular medium of payment having been provided and complied with, and simultaneously the securities together with a formally executed discharge are surrendered to the debtor in return for the particular kind of check requested of, and presented by, him as a performance of the creditor's already accepted proposal for payment by that particular medium, the transaction thus involved partakes of the nature of an executed release in consideration of the delivered check and is not an ordinary transaction of conditional payment within the rule of the foregoing authorities.

In this case appellant Cowen was not the mortgagor nor

was he personally liable for the particular debt secured by the mortgage. On the contrary, it was shown that he was in the situation of a party owning land subject to a pre-existing mortgage from which he was anxious to procure a release through making payment of the mortgage debt to the mortgagee or its agent in any form the creditor might deem satisfactory. Cowen had the cash in a safety deposit box and invested it in a cashier's check only because he was invited to use a particular form of check as a means of payment for procurement of his release from the mortgage.

The decree of the Chancellor should have been for the defendant, Cowen, on the issues tried in this case. To the end that such a decree may be hereafter entered in conformity with this opinion, the decree appealed from is

Reversed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.