**BURRELL GROVES, Inc.,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 15437.

United States Court of Appeals Fifth Circuit.

June 17, 1955.

Ray F. Sadler, Cyrus A. Neuman, Douglas D. Felix, Miami, Fla., for petitioner.

John J. Kelley, Jr., Sp. Asst. to Atty. Gen., Ellis N. Slack, Lee A. Jackson, Sp. Assts. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., D. P. Hertzog, Acting Chief Counsel, John M. Morawski, Sp. Atty., Internal Revenue Service, Washington, D. C.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

In 1943, Burrell Groves, Inc., a corporation, herein called the taxpayer, sold a citrus grove and equipment to Eugene J. Burrell and Alice W. Burrell, husband and wife, who owned all of taxpayer's capital stock. The properties sold had a cost basis of $136,311.50. The sale price was $187,590.00. The purchasers paid taxpayer $5,340.00 in cash upon closing and gave their note to taxpayer bearing four per cent interest and payable in equal annual installments over the fifteen years of 1944 to 1958, inclusive. Payment of the note was secured by a mortgage on the grove property. Taxpayer elected to pay income tax upon its gain

upon the installment basis as permitted by Section 44 of the Internal Revenue Code of 1939 which permits the taxpayer to return in any year as income the proportion of the payments received in that year which the profit realized or to be realized bears to the total contract price. 26 U.S.C.A. § 44 (now Sec. 453 Internal Revenue Code of 1954, 26 U.S.C. A.).

Payments were made upon principal of the note so that the balance was reduced to $158,000.00, by July 2, 1945. On that day the Burrells sold the grove and other property acquired from taxpayer to T. M. Britt and others. As a part of this transaction, the taxpayer surrendered the Burrell note and satisfied the Burrell mortgage. In lieu of the Burrell mortgage paper the taxpayer received notes of Britt and the other purchasers in the aggregate principal amount of $158,000.00, payable $8,000.00 on April 15, 1946, and $30,000.00 on July 1, 1946, with a like sum payable on July 1st of each succeeding year to and including July 1, 1950. These notes carried a five per cent interest rate and were also secured by a mortgage on the grove property.

The taxpayer treated, for income tax purposes, the payment on the Britt notes in the same manner, that is, as installments of the price of the sale to the Burrells, as it had treated the Burrell payments.

The Commissioner of Internal Revenue reached the conclusion that the 1945 transaction resulted in a disposing of the Burrell installment obligation within the meaning of Section 44(d) of the Internal Revenue Code of 1939.

"Gain or loss upon disposition of installment obligations. If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and (1) in the case of satisfaction at other than face value or a sale or exchange—the amount realized, or (2) in case of a distribution, transmission, or disposition otherwise than by sale or exchange—the fair market value of the obligation at the time of such distribution, transmission or disposition. Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received. The basis of the obligation shall be the excess of the face value of the obligation over an amount equal to the income which would be returnable were the obligation satisfied in full. This subsection shall not apply to the transmission at death of installment obligations if there is filed with the Commissioner, at such time as he may by regulation prescribe, a bond in such amount and with such sureties as he may deem necessary, conditioned upon the return as income, by the person receiving any payment on such obligations, of the same proportion of such payment as would be returnable as income by the decedent if he had lived and had received such payment. If an installment obligation is distributed by one corporation to another corporation in the course of a liquidation, and under section 112 (b) (6) no gain or loss with respect to the receipt of such obligation is recognized in the case of the recipient corporation, then no gain or loss with respect to the distribution of such obligation shall be recognized in the case of the distributing corporation. 53 Stat. 24." 26 U.S.C.A. § 44(d) (now Sec. 453(d), Internal Revenue Code of 1954, 26 U.S.C.A.).

A deficiency tax assessment for the year 1945 was proposed and the Tax Court agreed with the Government. Burrell Groves, Inc., v. Commissioner of Internal Revenue, 22 T.C. 1134. The taxpayer, contending that the Burrells' installment obligation had not been paid, satisfied or disposed of, appeals; making also the contention that if there was a disposition of the Burrell paper within

the meaning of 44(d) such disposition was, of itself, an installment sale and as such entitled to be treated for income tax purposes on the installment basis.

There is not here present such a factual situation as in Wynne v. Commissioner, 47 B.T.A. 731. There a corporation which was indebted on an installment obligation to its two principal stockholders distributed in liquidation its assets to a partnership composed of its stockholders and the partnership assumed the corporation's liabilities including the installment obligation. The Board of Tax Appeals noted that the partnership was an entity, in certain situations in the law of taxation separate from the partners. In Wynne the obligation and the paper evidencing it were unchanged and the terms were unaltered. In the case here only the amount of the debt, the obligees, and the security remained the same; the obligor, the maturities and the interest rate were changed. The note was surrendered and the mortgage satisfied. The Tax Court held that the taxpayer "disposed" of the Burrell installment obligation and we agree.

It is not necessary to determine whether acceptance of the notes of Britt and others, taken with the surrender and satisfaction of the Burrell paper, constituted a technical payment although it seems that such result would follow. See Cowen v. Indianapolis Life Ins. Co., 116 Fla. 814, 157 So. 180. It is enough that the taxpayer "disposed of" the installment obligation.

The taxpayer advances the doctrine that if it did, within the meaning of 44 (d), dispose of the Burrell installment obligation, the disposition was a casual sale of personal property on installments which meets the requirements of 44(b). The disposition was either by payment or by novation, but not by a sale or exchange. The installment basis of reporting will not apply. It may be, as Government counsel has urged, that a taxpayer cannot avoid taxation upon previously unreported gain resulting from the installment sale in the year the installment obligation is disposed of by a further sale or exchange with installment payments as an incident. No need exists for a consideration of this question in this case.

The decision of the Tax Court is affirmed.