Albert A. BATH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20390.

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1963.

Virgil Childress, Houston, Tex., for appellant.

Lee A. Jackson, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Meyer Rothwacks, C. Moxley Featherston, Attys., Dept. of Justice, Washington, D. C., Woodrow Seals, U. S. Atty., James R. Gough, Asst. U. S. Atty., of counsel, for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

PER CURIAM.

The question presented by this appeal is whether for the taxable years 1955 and 1956 the appellant-taxpayer, a surviving spouse in a community property state (Texas), is entitled under Section 1014 (b) (6) of the Internal Revenue Code of 1954 to use a "stepped-up" basis for reporting his community share of a long-term capital gain realized on a sale of community property prior to his wife's death in 1954, the taxpayer and his wife having elected to report the gain on the installment basis under § 44 of the Internal Revenue Code of 1939,[1] with the result that the gain would be treated as a tax-free return of capital to him.

The facts of this case have been stipulated. In February, 1953 appellant Albert A. Bath, the taxpayer, and Adele L. Bath, his wife, sold certain Texas

---

I. That section is essentially the equivalent of Section 453 of the 1954 Code (26 U.S.C. § 453).

land owned by them as community property. They received for the land a total consideration of $139,090.00, of which $29,000.00 was paid in cash and the balance of $110,090.00 was evidenced by the purchaser's promissory note for $110,090.00 secured by a vendor's lien reserved by the sellers. Said note was payable in ten annual payments of $11,009.00 each, and bearing interest at the rate of four per cent per annum payable annually. A long-term capital gain of $112,086.19, or 80.585% of the purchase price, was realized on the transaction. In their joint income tax return filed for the year 1953, appellant and his wife elected to report their gain on the installment method: i. e., they elected to pay income tax on the gain as the purchase price was collected. See § 453, Internal Revenue Code 1954, 26 U.S.C.A. § 453.

Appellant's wife died on December 10, 1954. At the time of her death only one principal payment had been made on the note, the principal balance then being $99,081.00. Since the note was community property, one-half of the principal sum, or $49,540.50, was reported in the wife's federal estate tax return as a part of her taxable estate, and her estate tax was assessed and paid on that valuation. The entire unpaid balance of the note was paid by the purchaser of the property in the years 1955 and 1956, $44,036.00 being paid in 1955 and $55,045.00 being paid in 1956. Appellant's community interest in the payments received on the note in 1955 and 1956 are the particular items in dispute. Mrs. Bath's estate's community interest is not in dispute; it has been treated as taxable gain to the extent of the 80.585% profit portion.

Upon the foregoing facts the court below ruled, in an opinion reported in 211 F.Supp. 368, at page 370:

"The 'stepped-up' basis provision of Section 1014(b) (6) becomes operative and has importance only in situations where sales or exchanges have occurred subsequent to the event, the death of one of the spouses, causing the basis to be 'stepped-up'.

"* * * In this case, however, there has been no sale or exchange of the note since the death of Mrs. Bath to which the 'stepped-up' basis provided for in Section 1014(b) (6) could apply in determining gain or loss. Moreover, to retroactively accord to a prior sale a 'stepped-up' basis under Section 1014(b) (6) for determining the gain on the sale would, by benefiting only community-property taxpayers, violate the policy underlying the Section which is to equalize the incidence of taxation in community-property and non-community property states. S. Rep. No. 1013, 80th Cong., 2d Sess., p. 29 (1948–1 Cum.Bull. 285, 306)."

We agree and affirm without deciding the question of whether the taxpayer would have been entitled to use a "stepped-up" basis for the note if he had disposed of it through a sale or exchange rather than by collection, a question not presented by the facts of this case. See Burrell Groves, Inc. v. Commissioner, 223 F.2d 526 (5 Cir., 1955).

Affirmed.