HENDRY, Judge.
By these interlocutory appeals, which have been consolidated, appellant-defendant Speier (lender) seeks review of orders styled “final judgment” and “amended final judgment” in favor of appellee-plaintiff Lane (borrower) entered in a non-jury trial. The borrower brought an action for the redemption of certain shares of stock.
The issue is whether there was sufficient competent evidence in the record to sustain the trial court’s conclusion that certain transactions constituted a pledge of the securities, rather than a sale of those securities. We affirm, and hold that the record contains substantial competent evidence that the transaction was a pledge and not a sale.
The trial court made the following findings of fact. On October 10, 1957, Lane borrowed $10,000 from Speier, pledging forty shares of. Biscayne Kennel Club stock owned by Lane. On October 13, he borrowed $25,000 more. The two collateral notes had the usual provisions for the enforcement of security, including a “future advances” clause. On May 19, 1960, Lane borrowed an additional $5,000, but that note lacked provisions for enforcement of the collateral. Speier asserts that on May 19, 1960, there was an accord and satisfaction reached, resulting in a sale of the stock at that time.
*824 The trial court also concluded that on October 16, 1968, Lane tendered a good and sufficient check for $20,428 to Speier in payment on the debt, which was wrongfully refused, so that Speier would not be entitled to claim interest from October 16, 1968 to the date of judgment. Continuing, the court found that between 1957 and October 16, 1968, Speier received dividends on the stock, as he was registered as having legal title as security. He was obligated to apply dividends first to interest and then to principal, especially in view of conflicting testimony as to the parties’ agreement. Speier was to be reimbursed for additional income tax expense, by virtue of his holding ownership of the stock prior to the tender of October 16, 1968. Parenthetically, Speier was found not to have received the dividends of March, 1960.
While there are several matters in the record indicating a pledge rather than sale, we will only cite two. First, there is evidence that a $50,000 life insurance policy on the life of Lane named Speier the beneficiary; and Speier signed a receipt for same about six weeks after the alleged accord and satisfaction, and alleged sale occurred. Lane paid the premiums on such policy, until it was allowed to lapse about the end of 1962. Second, there is evidence that Speier retained possession of the collateral notes from the date of execution until the time of trial, or slightly over eight years after they were argued to have been extinguished by the accord and satisfaction. These notes were not returned, destroyed, marked paid, or otherwise marked. The ap-pellees have cited several cases for the principles, which appear well-settled, that possession of an uncanceled note raises a re-buttable presumption of non-payment and that the burden of proving payment is upon the party asserting payment. E. g., Garrett v. Pigford, 218 Miss. 840, 67 So.2d 885 (1953).
We have considered all points on appeal and have concluded that the rulings of the trial court were correct and that the judgments appealed should be affirmed. Dollar v. Land, 87 U.S.App.D.C. 214, 184 F.2d 245, 251-253 and 256 (1950), cert. den. (1950), Land v. Dollar, 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641.
Affirmed.