375 So.2d 1099 (1979)
Saul J. COOPER and Barbara Cooper, Appellants,
v.
Max WOLKOWITZ, Appellee.
No. 79-159.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Rehearing Denied November 9, 1979.
*1100 L.J. Cushman, Miami, for appellants.
Fred J. Ward, Hallandale, for appellee.
Before PEARSON, HENDRY and HUBBART, JJ.
PEARSON, Judge.
Appellants Saul and Barbara Cooper were the defendants in a suit to foreclose a mortgage brought by appellee Max Wolkowitz. The trial court entered a final judgment foreclosing the mortgage upon facts which were uncontroverted in their essential elements. This appeal is from that judgment.
The Coopers maintain that at the conclusion of the evidence, they were entitled to a judgment on the ground that the evidence showed either payment of the debt or an accord and satisfaction. The difficulty arose from the fact that prior to the suit the Coopers presented to Wolkowitz, the mortgage holder, a cashier's check, which was never paid, for the amount due and received a satisfaction of the mortgage. The sequence of events was as follows.
The Coopers executed a mortgage to secure a promissory note, dated February 20, 1976, in the sum of $45,000. The debt matured on February 20, 1978. On February 21, 1978, Wolkowitz went to the office of defendant Saul Cooper with a satisfaction of the mortgage. Cooper is an attorney who represented a foreign banking corporation not authorized to do business in this state, known as Arab International Bank & Trust Company, Ltd., P.O. Box 1, Plymouth, Montserrat, British West Indies. Cooper delivered to Wolkowitz a cashier's check issued by Arab International Bank & Trust Company, Ltd., in the sum of $45,000, payable to Wolkowitz. In return for the check, Cooper received a satisfaction of the mortgage from Wolkowitz.
Cooper also received a general release running to the Coopers, a general release of a Florida corporation, Sabaco International Holdings Ltd., Inc., and a release of collateral. Wolkowitz retained the note which evidenced the debt.
Wolkowitz deposited the check in the First National Bank of Homestead for collection. The Homestead bank forwarded the check to its correspondent bank, the Florida National Bank of Miami, for collection. In turn, the Florida National Bank of Miami sent the check to the post office box in Plymouth, Montserrat, for collection. Payment was not received, nor was the check returned. In a follow-up attempt to collect, the Florida National Bank of Miami sent a telex inquiry to the same address. No reply was received.
On March 20, 1978, Wolkowitz wrote to Cooper telling him that he had not received payment. Cooper did nothing in connection with the matter and stated at trial that he did not recall conversations with the plaintiff's attorney about the failure of the Arab Bank to pay or respond. On May 1, 1978, Wolkowitz filed his complaint to foreclose the mortgage. The Coopers filed a third party complaint against the Arab International Bank & Trust Company, Ltd., alleging the failure of the Arab Bank to pay the cashier's check. An affidavit for service was filed, but so far as the record shows, no process was issued and the third party complaint has not been further prosecuted.
*1101 In maintaining that they were entitled to a judgment dismissing the complaint, the Coopers first argue that Wolkowitz did not seek cancellation of the satisfaction of mortgage on the ground of fraud or upon any other ground. The question thus presented is whether such a prayer was necessary. We hold that it was not. The satisfaction of mortgage and the releases raised a presumption of payment of the debt. The presumption of payment was rebuttable and, upon the presentation of substantial evidence that payment was not received, the presumption vanished. See the principle of law in Speier v. Lane, 254 So.2d 823 (Fla. 3d DCA 1971); and see 1 A.L.R. 779, 800 (1919). Wolkowitz had a heavy burden to carry to prove non-payment in the face of the satisfaction, but the record supports the trial judge's finding that the burden was carried by conclusive evidence.
The Coopers next urge that the cashier's check, when accepted and negotiated, was payment of the debt and that because Wolkowitz did not produce the negotiated check, he was estopped to claim it was not payment of the debt. This position has two aspects, either of which, if correct, would require a reversal. In deciding this point, we must revert to the facts as they concern the actions of the parties. First, there is evidence that the delivery of the satisfaction and the accompanying documents were conditioned upon the payment of the check. Also, Wolkowitz retained the note evidencing the debt. It is usual for a debtor to obtain his note or other such written evidence of the debt incurred upon payment of the debt. See Perez v. Bank of Key West, 36 Fla. 467, 18 So. 590 (1895); Speier v. Lane, supra, and cf. Cowen v. Indianapolis Life Ins. Co., 116 Fla. 814, 157 So. 180, 182 (1934). The Coopers are not in the position of having delivered a check in payment that could be negotiated in the ordinary course of the conduct of business. The check was issued by a foreign (out-of-country) bank having as its only address a post office box outside the United States. Defendant Saul Cooper was in a position to know the difficulty of collection from a client whose only address was a post office box in a foreign country. He may be said to be in the position of representing not only that the check was a good check, but also that it would be paid in the ordinary course of business. We hold that the evidence supports the trial court's finding that the cashier's check was not accepted as payment, see Cowen v. Indianapolis Life Ins. Co., 116 Fla. 814, 157 So. 180, 182 (1934), and that it was not incumbent upon the plaintiff to produce the check in order to show that it had not been paid, where the plaintiff provided full evidence of the course of the check through two local banks to the post office box address of the foreign bank.
It is next argued that the facts of this case conclusively show an accord and satisfaction by the acceptance of performance by a third person, i.e., the Arab International Bank. See 6 Corbin on Contracts § 1285 (West 1962).[1] In other words, it is urged that Wolkowitz accepted the contract of the Arab bank to pay as a substitute for the promise of the defendants to pay. We hold that the evidence falls short of proving the affirmative defense of accord and satisfaction. The delivered check was an imaginary or, at least, an unreal substitution of payment. Equity will look beyond form to the true intent of the parties in applying equitable remedies. See Coleman v. Coleman, 191 So.2d 460, 471 (Fla. 3d DCA 1966).
The Coopers' last point urging reversal for the failure to join a junior mortgage holder as an indispensable party does not present error. See the proposition of law in Raskin v. Otten, 273 So.2d 433 (Fla. 3d DCA 1973).
Affirmed.
NOTES
[1] § 1285. Payment or Other Performance by a Third Person as Satisfaction.

An accord may be an agreement between a claimant and a third person who is not the obligor; and a performance rendered by such third person and received by such claimant in satisfaction of the claim operates as a discharge of the obligor. It is not necessary that he should express his approval or ratification or that he should even have knowledge that the transaction has occurred.
* * * * * *