432 So.2d 641 (1983)
Ronald Henry NEUMAN, Appellant,
v.
George W. FERRIS, Jr., and Alice O. Ferris, His Wife, Appellees.
No. 82-2025.
District Court of Appeal of Florida, Fourth District.
June 1, 1983.
*642 Irvin W. Nachman, Davie, for appellant.
Michael B. Nipon of the Law Offices of Ray A. Schlichte, Jr., Hollywood, for appellees.
DELL, Judge.
Appellant Ronald Henry Neuman challenges a final judgment and supplemental order clarifying the final judgment entered in an action to foreclose a purchase-money mortgage.
Appellant executed a promissory note secured by a purchase-money mortgage. Although the promissory note provided for payment of the monthly installments at 1901 North Atlantic Boulevard, it did not specify the method of delivery nor the mode of payment. Shortly after execution of the note, appellees' attorney directed appellant in writing as follows:

Checks are to be made payable to George W. Ferris, Jr. and Alice O. Ferris and mailed to 1901 North Atlantic Boulevard Apartment 5B-S-Fort Lauderdale, Fla. in the sum of $310.00, commencing December 1, 1977, and are to be paid on the 1st day of each and every month thereafter. [Emphasis added.]
Appellant complied with appellees' directions and mailed his personal checks in payment of the mortgage and note for a period of approximately four years. In October of 1981, appellant mailed his personal check for the October payment but misaddressed the envelope. He discovered his error on October 30th, when the envelope containing the October payment was returned. He telephoned appellees to advise them of the circumstances and informed them that he would enclose both the October and November payments in the next day's mail. He mailed both the October and November payments on October 31st. On November 3rd, appellees instituted a foreclosure action on the mortgage and exercised their option to accelerate all amounts due. Appellees received the payments.
Following a non-jury trial on the merits, the trial judge entered a final judgment which denied appellees the relief sought under their foreclosure action, granted appellees one-half of their attorneys fees and costs and ordered appellant to make all payments current with interest. On appellant's motion for clarification, the trial court supplemented the findings made in the final judgment by further finding that appellant was in default on his October payment and that personal checks did not constitute proper payment under the mortgage. The trial court ordered appellant to mail his payment so that the payments would be in the hands of the appellees before the expiration of the thirty day grace period and further directed appellant to make such payments "by cash, cashier's check or other equivalent type of payment." Appellant timely appealed from this order.
Appellant contends that the trial court erred in finding the mortgage in default and argues that he completed timely payment of the October and November payments when he deposited them in the U.S. mail on October 31st. Appellant also asserts that payment by personal checks accepted without protest over a period of four years became an approved mode of payment, and that the court exceeded its jurisdiction when it required him to make payments by cash, cashier's check or other equivalent type of payment. Appellant also challenges the award of one-half of appellees' attorneys fees and interest calculated at the default rate which amounted to $321.55.
The trial court properly refused to grant an order of foreclosure. However, the trial court erred when it found that a default had occurred. We agree with appellant's contention that since appellees directed delivery by mail, deposit of the October and November payment with the U.S. mail constituted delivery of the checks.
It has been held in well reasoned cases that by depositing a note in the mail with the intent that it should be transmitted to the payee or the assignee in the usual way, the maker or assignor parts with his domination and control over it, and it and the delivery is in legal contemplation complete.
*643 Wiers v. White, 142 Fla. 628, 196 So. 206, 209 (1940). Appellant complied with the express instructions of appellee. Therefore, the deposit of the October check with the U.S. mail on the last day of the grace period constituted timely delivery of that check to appellees.
Generally, the tender of a personal check does not constitute the equivalent of cash or "legal tender," but rather is treated as a conditional payment. The Supreme Court noted in Cowen v. Indianapolis Life Insurance Co., 116 Fla. 814, 157 So. 180 (1934):
We are not unmindful of the rule that in the absence of an agreement to the contrary, the acceptance by a creditor of a check, whether it be a cashier's check, certified check, or the debtor's check, or the check of a third person, and the surrender of the evidence of indebtedness and the giving of a receipt do not constitute payment per se.
Id. 157 So. at 182.
Neither the mortgage nor the note defined the specific mode of payment. However,
[a]s between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as part of the same transaction... .
§ 673.119, Fla. Stat. (1981).
The written instructions by appellees' attorney specified payment by "checks." The actions of the parties clearly demonstrate that payment by personal check constituted the accepted mode of payment.
Where the terms of a written agreement are in any respect doubtful or uncertain, or if the contract contains no provision on a given point, or if it fails to define with certainty the duties of the parties with respect to a particular matter or in a given emergency, and the parties to it have, by their own conduct, placed a construction upon it which is reasonable, such construction will be adopted by the court, upon the principle that it is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the correct legal interpretation of the terms of the contract.
Shouse v. Doane, 39 Fla. 95, 21 So. 807, 810 (1897).
A "course of dealing" is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.
§ 671.205(1), Fla. Stat. (1981).
After instructing appellants to pay by "check" appellees accepted forty-six payments by personal check without objection. The course of dealings between the parties evidences the fact that payment by personal check constituted an approved mode of payment.
Under the circumstances of this case, we must conclude that the trial court erred in awarding relief to appellees in the form of interest, costs and attorneys fees and in restricting the mode of payment for the parties' future course of dealing. Appellant did not default on the mortgage. He made payment consistent with the directions of appellees' attorney and consistent with the course of conduct established by the parties as to the mode of payment.
Therefore, we reverse the final judgment and supplemental order clarifying the final judgment and we remand this cause for entry of judgment in favor of appellant.
REVERSED and REMANDED.
DOWNEY and HERSEY, JJ., concur.