SHAHOOD, J.
This is a consolidated appeal of two post-dissolution orders. In the first appeal, the former wife, Joyce Procacci, appeals a Final Judgment in favor of the former husband, Philip Procacci, in the former wife’s action to accelerate a promissory note. In the second appeal, the former husband appeals the Order on Motion to Tax Attorney’s Fees, wherein the trial court denied his request for an award of fees for defending the former wife’s action to accelerate the promissory note. We affirm the trial court’s rulings in both appeals, and write only to discuss the issues raised by the former wife in her appeal.
In 1993, the parties’ marriage was dissolved. On January 12, 1993, pursuant to the Marital Settlement Agreement[1], the former husband executed a promissory note securing his obligation under the equitable distribution scheme to make certain deferred cash payments to the former wife. The note provides that “upon default in the payment *523 when due, the whole sum remaining unpaid shall, at the option of the holders, become immediately due and payable.”
On November 7,1996, the former wife filed a complaint to accelerate the note claiming that the former husband had defaulted on the note by failing to make the September 25, 1996 payment. The former husband answered the complaint asserting, among other things, that the note was current, that all sums due under the note had been paid, and that the former wife had waived her right to bring the claim by accepting late payments in the past. Thereafter, the former husband filed a motion for summary judgment and attached his affidavit stating that while he was inadvertently late with the September 25, 1996 payment, he paid the obligation in full by mailing a check on October 1, 1996. At no time between September 25 and October 1 did the former wife notify the former husband that the payment was late or declare her intention to accelerate the note. Instead, she deposited the check without comment or complaint on October 8, 1996.
The former wife filed an affidavit in opposition stating that on October 4, 1996 she forwarded to the former husband a letter from her attorney informing the former husband that he was in default, and demanding all monies due under the note. The following day, she received the former husband’s check which she was not able to deposit until Monday, October 8, 1996. The check did not include money for interest between September 25, 1996 and October 5, 1996. The former wife stated that, on October 10, 1996, through counsel, she again advised the former husband that he was in default of his obligations and that his payment did not cure the default.
Because the former wife did not receive the check until October 5, 1996, one day after the date of her letter, she contends that the former husband’s tender of payment occurred after her notice. However, payment is considered “tendered” on the date it is mailed, not the date that it was received. See Neuman v. Ferris, 432 So.2d 641 (Fla. 4th DCA 1983) (deposit by mail constitutes delivery of payment); see also Tompkins v. Jim Walter Homes, Inc., 656 So.2d 963 (Fla. 5th DCA 1995) (citing Campbell v. Werner, 232 So.2d 252, 256 (Fla. 3d DCA 1970) (mailing arrearages after default, but prior to notice of election to accelerate prevents the payee from exercising his right to accelerate)); Bensman v. DeLuca, 498 So.2d 645 (Fla. 4th DCA 1986) (parties’ course of conduct shows that payment by check was considered tendered when postmarked); Brake v. State, Unemployment Appeals Comm’n, 473 So.2d 774 (Fla. 3d DCA 1985) (“a letter properly addressed, stamped and mailed is presumed to have been received by the addressee.”) (citations omitted).
Accordingly, because the former husband’s tender was made before the attempted default, we affirm the Final Judgment in favor of the former husband in the action to accelerate the promissory note.
We find the former husband’s arguments concerning his entitlement to attorney’s fees to be without merit, and affirm the trial court’s denial of that request without further discussion.
Accordingly, we affirm the trial court in all respects.
AFFIRMED.
DELL and GROSS, JJ., concur.

. Article VIII, paragraph 7 of the Marital Settlement Agreement states that “the husband will pay to the wife $822,000.00 in equal monthly installments of $5,833.00 until fully paid”, and requires that he execute a promissory note to secure the obligation.