CASE 13—PETITION EQUITY—FEBRUARY 2.

# Field, Etc. v. Stroube, Etc.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. TAXES—CONSTITUTIONAL CONSTRUCTION.—Although a contract en-
tered into by a municipality calls for the expenditure of an
amount of money in excess of the revenue provided, for that
year, if the municipality has on hand at the time, avail-
able assets sufficient in amount to reduce the amount
to be raised by taxation so as to bring it within the revenue for
that year, it is not violative of the provisions of sec. 157 of the
Constitution; to the extent that there was money on hand, or
assets available for the purpose in view, there was no creation of
any debt, but only an appropriation of cash or assets on hand.

2. TAXATION—SURPLUS TAXES.—When the object to be attained by
a county tax levy has been accomplished and a surplus remains,
it will be treated as part of the general funds of the county and
available for general county purposes.

3. INJUNCTIONS—PUBLIC IMPROVEMENTS.—While an order appointing
commissioners to make a contract for the building of a court
house should have contained a provision for the ratification of the
contract by the county court, this apparent defect, which may be
easily corrected, will not authorize a perpetual injunction against
the commissioners from proceeding with the work.

J. B. CLARK AND O'HARA & ROUSE FOR APPELLANTS.

1. Section 157 of the Constitution is only a limitation on the power
of a county or other municipality, to become indebted in any
one year to an amount exceeding the income and revenue pro-
vided for that year, without the assent of two-thirds of the
voters thereof; in this case there is no creation of a debt, except
the twenty-five cents tax provided for in the year 1895.

2. The surplus taxes remaining under the control of the fiscal court
after the accomplishment of the purposes for which they were
collected, may be used by the court in the erection of necessary
public buildings; the constructon of sec. 180 of the Constitution,
contended for by appellees, would cause such funds to lie idle
forever in the county treasury, and be of no service to anybody.

Field, Etc., v. Stroube, Etc.

A. M. J. COCHRAN FOR APPELLEES.

1. The authority given the commissioners to make a contract for the erection of a court house, not to cost exceeding $25,000, was the creation of an indebtedness in excess of the revenue for that year and was therefore void, under the provisions of sec. 157 of the Constitution. The fact that all the money was not to be paid in any one year, or raised by taxation in any one year, does not take it out of the operation of that section. It is an indebtedness incurred whenever it is to be paid. Beard v. City of Hopkinsville, 95 Ky., 239; City of Richmond v. Powell, 101 Ky., 7.

2. The surplus taxes remaining on hand after the purposes for which they were levied have been fulfilled, were illegally exacted from the taxpayers and belonged to them and not to the county. Sec. 180 of the Constitution.

3. The fiscal court had no power to delegate to the commissioners the right to make the contract for the building of the court house; where the exercise of judgment or discretion devolves upon one in the performance of a duty, he can not, in the absence of express or implied authority, delegate his power to another. Mechem on Public Offices, sec. 557; Russell v. Cage, 66 Texas, 428; Hyatt v. Joyce, 4 Bush, 464; Henderson v. Lambert, 14 Bush, 428; Nervin v. Roach, 86 Ky., 492; Fruntz v. Jacobs, 88 Ky., 526; Roberts v. Louisville, 92 Ky., 89.

GEORGE DONIPHAN OF COUNSEL ON SAME SIDE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

At various times prior to the year 1895, the county or fiscal court of Bracken county, had made certain tax levies for various county purposes, which had not been entirely consumed in the fulfillment of the objects for which the levies had been made; so that, in the year named, the court found in the hands of the sheriff and treasurer the sum of about $11,000. For the purpose of building a much-needed court house, the fiscal court, in April, 1895, appropriated the sum of $25,000, or enough thereof to effect such purpose, and made a levy of twenty-five cents on each one hundred

dollars of the taxable property of the county. It is shown that this levy, together with the sum on hand and the value of the old material, will construct the court house in accordance with approved plans and specifications.

At the instance of certain tax payers, the court and commissioners appointed to carry out the purpose of constructing the work, have been perpetually enjoined from proceeding further with the work. This has been done upon the theory that the expenditure of $25,000 involved the creation of an indebtedness, an amount exceeding, in the year 1895, the income and revenue provided for that year, and was thus violative of certain provisions of section 157 of the Constitution, in that the assent of two-thirds of the voters of the county voting at an election held for that purpose had not been obtained.

In our opinion, no such question is involved. To the extent that there was money on hand or assets available for the purpose in view, to that extent there was no creation of any debt, but only an appropriation of cash or assets on hand. The indebtedness in fact created was the sum represented by the difference between the available assets on hand and the contract price of the work; and this amount was provided for by a levy for the current year sufficient to meet the requirements of the proposed contract. It is urged that by reason of section 180 of the Constitution, the surplus taxes levied and collected for the years prior to 1895, for certain county purposes, can not be diverted from those purposes. We think when the object to be attained by the levy has been accomplished, and a surplus remains, it must be treated as a part of the general funds of the county and available for general county purposes.

It is also urged that the order conferring authority on the commissioners in respect to the contract, is too broad, and is in fact an attempted delegation of power which the court alone could exercise.   And it does seem that there ought to be a provision in the order appointing the commissioners for a ratification of the contract for the work by the court.   But this apparent defect does not authorize the sweeping injunction granted below.   It is easily correctible by an amendment to the order of appointment.

The demurrer to the answer ought to have been overruled, and unless an issue of fact be tendered, such as that the funds alleged to be on hands are not in fact available, a fact suggested in counsel's brief, the petition should be dismissed.

Judgment reversed for proceedings consistent with this opinion.