CASE 73.—SUIT BY LAWRENCE COUNTY AGAINST THE
LAWRENCE FISCAL COURT, TO HAVE AN ORDER
OF THE COURT DIRECTING THE PAYMENT OF
CLAIMS OUT OF CERTAIN FUNDS, SET ASIDE.—
November 24.

# Lawrence County v. Lawrence Fiscal Court

Appeal from Lawrence Circuit Court.

S. G. KINNER, Circuit Judge.

From a judgment for defendant on demurrer to the
petition, plaintiff appeals.—Affirmed.

1. Counties—Public Debt—Limitation of Amount of Indebtedness.
—Under Const. section 157, prohibiting a county from
becoming indebted in any year in an amount exceeding its
income provided for that year, it is not necessary that the
county has made provision for the payment of an indebted-
ness, but only that it shall be able to pay its indebtedness
out of its ordinary resources for that year which are rea-
sonably solvent and may be fairly relied on as equivalent
to cash.

2. Counties—Public Debt—Liability.—The fact that a county lost
the money collected for paying its indebtedness for a certain
year before paying the debts would not affect its liability
for such debts, but it would remain bound until they were
discharged.

3. Counties—Public Debt—Limitation on Amount of Indebted-
ness.—A tax for county purposes of 50 cents on the $100
was levied for each of the years 1903 and 1904, but the sheriff
defaulted as to a part of the taxes collected, so that some
claims against the county for those years were not paid out
of the current income. In 1906, just after recovery from the
securities of the defaulting sheriff, the fiscal court levied a
tax of 50 cents on the $100 for 1907, and also ordered cer-
tain claims allowed in 1903 and 1904, to be paid out of the
sum received from the surety until exhausted and the balance

thereof out of the 1907 levy. To this order the county attorney objected on the ground that such balance exceeded the income for that year, in violation of Const. seltion 157, limiting the taxes levied in any year to 50 cents on the $100, and prohibiting any county from becoming indebted in any year in an amount exceeding the income provided for that year. Held, that the amount collected on the sheriff's bond was the legal equivalent of the defaulted taxes for the years 1903 and 1904, and could be applied to the unpaid claims for those years, and that the payment of the balance of such claims out of the 1907 levy, rendering the county unable to pay all of the claims allowed for that year out of the current levy, did not affect the constitutionality of the claims payable out of that levy; the liabilities incurred in any of the years not exceeding the constitutional inhibition.

4. Counties—Public Debt—Limitation on Use of Funds.—Const. section 180, requiring every resolution levying a county tax to specify the purpose for which it is levied and prohibiting its appropriation to any other purpose, does not limit the revenues of a year to the payment of liabilities incurred during that year, but only requires that revenues levied for a particular purpose, as for road purposes, be used for that purpose, either in the year levied or some other year.

G. W. SKAGGS and W. M. SAVAGE for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Affirming.

The fiscal court of Lawrence county levied taxes for county purposes for the year of 1903, as follows: Twenty cents on each $100, as a common fund, which we understand to be the ordinary expenses of the county, such as salaries to officers, and other items of fixed liability, which may include care of the poor; 20 cents on the $100 as a road and bridge fund; 10 cents on the $100 as a sinking fund; also a poll tax of $1.50, to be used as a part of the common fund. For the year 1904 there was levied 50 cents on the $100 apportioned as follows: Twenty-five cents as the "common fund," and 25 cents as a road and bridge

fund, $1.50 poll tax was also levied, to form part of the common fund. Claims against the county payable out of these respective funds for each of the years were allowed. The sheriff of the county, who was also the collector of the county taxes, defaulted. As a result of the litigation with his surety, the county realized in 1906 the sum of about $9,000. It is alleged that the claims allowed against the levies of 1903 and 1904 exceeded $10,000, much of which had been sued on and reduced to judgments against the county. The fiscal court met in 1906 to lay the levy for the year of 1907. The money had just been collected from the surety of the sheriff for the years of 1903 and 1904. The court entered the following order: "The fiscal court met pursuant to adjournment and proceeded to allow the following claims which are payable out of the $9,058.80 paid by the Aetna Indemnity Company until said sum is exhausted, then balance to be paid out of levy of 1907. The county attorney objected to the above order." The list of claims is not copied into the record. At the October term, 1906, of the fiscal court, an order was made laying the county levy for 1907 as follows: Fifty cents on the $100, divided, namely, 25 cents for road and bridge purposes, 15 cents for the common fund, 10 cents for courthouse fund, also $1.50 poll tax, to constitute part of the common fund. This suit was brought in the name of Lawrence county by the county attorney against the fiscal court and its members, seeking to have the order made to pay the old debts out of the $9,058 so far as it would go, and then the balance out of the 1907 levy set aside and adjudged void, on the ground that it exceeded the income of the county for that year, and was therefore in violation of section 157 of the Constitution. Section 157 of the Constitution limits the.

tax which may be levied in any one year at 50 cents on the $100, unless it should be necessary to enable the county to pay an indebtedness contracted prior to the present Constitution. It also provides that no county shall become indebted in any manner, in any year, to an amount exceeding in any year the income and revenue provided for such year without the consent of two-thirds of the voters.

Even if it should be conceded that the claims alluded to in the order of the October term of 1906 of the fiscal court which is the subject of this suit were those allowed in 1903 or 1904, it would not follow that the order is void. It is not charged, nor is it pretended, that the claims allowed in 1903 or 1904 were in excess of the income or revenues provided for either of those years. It is not necessary to the validity of a municipal indebtedness that the municipality shall have made provision for its payment. The inhibition is against creating an indebtedness in any year that the municipality is unable to pay out its resources for that year. If the liabilities incurred, say in 1903, did not exceed the income and revenues provided by law—that is, the maximum which under the law the county was authorized to levy in taxes—plus any available funds it had on hands, then nothing subsequently occurring could render the liability void as being in contravention of section 157, supra. If the county had collected the taxes levied for the purpose of paying its liabilities incurred in 1903, but had in some way lost the money before it paid its debts, that fact could not affect its liabilities. It would remain bound until payment, or otherwise legally discharged. So, when the county lost the taxes levied for 1903, as it evidently did, but subsequently recovered some $9,000 of them, it was proper, to say the least of it, that the $9,000

should be applied to the payment of such part of the indebtedness for 1903 as remained unpaid and most pressing, and, as the remainder of the indebtness was as truly a county liability as that contracted in 1906 payable out of 1907 levy, to order their payment out of that levy. Nor were the current claims allowed in 1906, payable out of the 1907 levy, affected as to their constitutional validity by the fact that, owing to an unexpected happening subsequent to their creation, the county would not be able to pay in full as they fell due; that is, out of the current levy. The income and revenues of a year include resources of the municipality which are reasonably solvent, and which in ordinary events may be fairly relied on as equivalent to cash. So, as against the outstanding indebtedness of 1903 and 1904, the county and its creditors had the right to assume that the sheriff's bond, so far as that officer had collected or was liable for the taxes for those years, was a legal equivalent on the county ledger. In that view nothing appears here to indicate that Lawrence county had for any of the years named exceeded the income and revenues of such years.

Appellant also contends that section 180 of the Constitution is violated by the order of the fiscal court which is under investigation, in this: That the provision of section 180 requiring every resolution levying a tax to specify the purpose for which it is levied, and prohibiting its appropriation to any other purpose, means that the levy of 1907 is to pay eo nomine the debts contracted in 1906 payable out of the levy of 1907, and that those revenues can not be appropriated for any other year. But the Constitution does not confine the revenues of a year to the payment of the liabilities incurred during that year. What sec-

tion 180 means is revenue raised for road purposes, for example, can not be applied to educational purposes; and that a tax levied to build a courthouse can not be used to repair a bridge, unless as in the case of Field v. Stroube, 103 Ky. 114, 19 Ky. Law Rep. 1751, 44 S. W. 363. But a fund legally raised in 1906 for bridge purposes may be appropriated by the fiscal court for bridge purposes whenever contracted. The discretion of the fiscal court over such details is left to the good business sense and right judgment of that body. We are of the opinion that the circuit court properly sustained the demurrer to the petition.

Judgment affirmed.