## New York Life Insurance Company v. Evans.

(Decided February 6, 1912.)

### Appeal from Hickman Circuit Court.

1. Former Appeal—Law of Case—Evidence.—The opinion delivered on the former appeal is the law of the case, and the evidence in one aspect of the case on which it was held that the case should go to the jury being the same as on the former trial, the court properly refused to instruct the jury peremptorily to find for the defendant, although on another matter the evidence was different.

2. Verdict.—The verdict of a jury will not set aside as palpably against the evidence although it may be against the weight of the evidence.

WM. MARSHALL BULLITT, KEITH L. BULLITT and BRUCE & BULLITT for appellant.

BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Mrs. Tennie Evans brought this suit against the New York Life Insurance Company to recover on a policy for $2,000 issued by the company, insuring the life of her husband, D. M. Evans, for her benefit. On the first trial of the case there was a verdict and judgment for the plaintiff. The defendant appealed to this court. In an elaborate opinion it was held that the defendant was not entitled to a peremptory instruction to the jury directing them to find a verdict for the defendant, and the case was reversed for errors in the instructions, the opinion pointing out what instructions should be given on another trial. On the return of the case to the circuit court it was tried again. Instructions conforming literally to the opinion of this court were given, there being practically no difference between the instructions asked by the defendant and those asked by the plaintiff. The jury found again for the plaintiff. The court refused to grant a new trial and entered judgment on the verdict. The defendant appeals.

The facts of the controversy are fully stated in the former opinion. See New York Life Insurance Co. v. Evans, 136 Ky., 391. It is insisted that the evidence introduced by the defendant on the second trial was not the same as on the first trial, and that under the evi-

dence on the second trial the court should have instructed the jury peremptorily to find for the defendant. It was pointed out in the former opinion that the evidence for the defendant did not show when the policy was marked lapsed on the books of the company or show that this was done at the time the insured failed to pay the $40 note. There was evidence on the second trial showing this fact. But while this evidence removes that difficulty there is another ground distinctly set out in the former opinion on which the peremptory instruction was properly refused. On the first trial there was proof that the company had written the insured a letter in January, 1905, demanding unconditionally the payment of the note. It was held in the former opinion that if it did this it waived the forfeiture, and that opinion is the law of the case. On the second trial the evidence on this subject was the same as on the first trial, and as this evidence was sufficient to take the case to the jury under the previous opinion the circuit court did not err on the second trial in refusing to instruct the jury peremptorily to find for the defendant.

It is insisted, however, that the verdict is palpably against the evidence and should be set aside for this reason. Five witnesses testified to seeing and reading the letter. They all agreed as to its contents. The testimony for the defendant is to the effect that no such letter was written, and facts are shown corroborating this evidence. The letter is lost and we can not say that the verdict is palpably against the evidence. It is not enough that the verdict should be against the weight of the evidence. The purpose of having jury trials is to obtain the judgment of a jury on these questions of fact and the court can not set aside the finding of the jury unless it is so manifestly against the evidence as to warrant the conclusion that it was the result of some mistake on the part of the jury or of passion or prejudice on their part.

Judgment affirmed.