# City of Ashland et al. v. Board of Education of City of Ashland.

March 28, 1941.

John W. McKenzie for appellants.

Dysard & Dysard for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

The parties named above joined in a proceeding carried on under our Declaration of Rights Act, Civil Code of Practice, Section 639a—1 et seq., in which it was sought to have rights declared under the following circumstances:

In 1929 the citizens of Ashland voted to issue $500,-000 of bonds to raise funds to be used in procuring school sites, erecting, improving, repairing and enlarging school buildings. Bonds were thereafter issued at various periods—1930 to 1940—to the amount of $315,-000. These issues bore different rates of interest, the average being about 3.93 per cent. Recently the school board concluded that there was no further need of the fund for the purposes mentioned, and having a surplus arising from the bond sales, reflected that conclusion in the following resolution:

"There is now in the hands of the treasurer of the Board of Education, applicable for the use only of school buildings the sum of thirty-eight thousand dollars. Due to the steady decreasing number of pupils in the school system this money is not needed for the building of new school buildings, and should be applied on the principal and interest of the school bonds used to produce it."

The resolution further directed the treasurer to pay to the city's sinking fund commission the surplus "so that said money may be applied to the payment of principal and interest of said school bonds." The city authorities, though in full accord as to beneficial results to be gained by the transfer, hesitate to carry out the order of the educational board by accepting the sum and applying it to the designated purpose, until the procedure be sanctioned by the courts. The doubt arises by reason of Section 180 of the Constitution, which in part provides:

"Every * * * ordinance and resolution passed by any county, city, town, or municipal board or

local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax lexied * * * for one purpose shall ever be devoted to another purpose.''

The case was submitted on the city's demurrer to the petition, and the following agreement: ''The parties hereto stipulate that the purpose for which the bonds mentioned in plaintiff's petition were issued no longer exists.'' The chancellor overruled the demurrer, and defendants, declining to plead further, declared that the board had the right to turn the surplus over to the city, and directed the latter ''to receive and expend said sum for the payment of principal and interest of school bonds.''

The section of the Constitution, in respect to that part quoted above, has been before us in a number of cases, the most recent being Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W. (2d) 1073, which cites City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, and Board of Education of Covington v. Trustees of Public Library, 113 Ky. 234, 68 S. W. 10, 24 Ky. Law Rep. 98, as exemplary of our strict application of Section 180 of the Constitution.

However, we are presented with a different situation, and these cases are not controlling. There is no effort to divert, in the sense in which we have applied the prohibition, in the cases, supra. The tax imposed was for the purpose of paying accrued interest and retiring the bonds at maturity. We must accept the agreed statement of parties to the effect that the purpose for which the bonds were sold has been accomplished, and that the board charged with the application of the funds finds itself with a surplus.

In the early case of Field v. Stroube, 103 Ky. 114, 44 S. W. 363, 19 Ky. Law Rep. 1751, it appeared that Bracken County, in 1895, had on hand $11,000, theretofore levied for designated purposes, which had not been expended in fulfillment of those objects. The county was in want of a courthouse; and appropriated $25,000 for the purpose of its erection. This sum included the $11,000 surplus. Among other contentions it was urged that such application of the surplus would contravene Section 180 of the Constitution. Briefly we answered that ''we think, when the object to be attained by the

levy has been accomplished, and a surplus remains, it must be treated as a part of the general funds of the county and available for general county purposes.''

In the instant case, however, there is no intention to use the surplus for general purposes; under the resolution the educational body must transfer, and the city must accept and use, the surplus for the sole purpose expressed in the judgment, that is, in paying principal of and interest on outstanding bonds of the 1929 issue. In the case of Whaley et al. v. Com. (Ratliff, Sheriff, et al. v. Com.), 110 Ky. 154, 61 S. W. 35, 38, 23 Ky. Law Rep. 1292, we upheld the ruling in the Stroube case. We said: ''Such a construction is necessary, because it is impossible to fix accurately a tax rate to meet exactly a liability.'' We pointed out certain unforeseen circumstances which might arise and result in a deficit or a surplus, and if a surplus, ''to hold that it could never be used for any other purpose, except that for which it was specifically levied, would tend to, in time, lay up a public fund entirely unavailable for any public purpose. A construction leading to such an absurd result will be repudiated as not having been within the contemplation of the framers of the constitution.''

In Lawrence County v. Lawrence County Fiscal Court, 130 Ky. 587, 113 S. W. 824, 825, which involved the payment of funds allocated in a certain year, for payment of claims in a succeeding year, the court said:

> ''What Section 180 means is revenue raised for road purposes, for example, cannot be applied to educational purposes; and that a tax levied to build a courthouse cannot be used to repair a bridge, unless as in the case of Field v. Stroube [supra]. * * * The discretion of the fiscal court over such details is left to the good business sense and right judgment of that body.''

See also Taylor v. Riney, 156 Ky. 393, 161 S. W. 203; Boll v. City of Ludlow, 234 Ky. 812, 29 S. W. (2d) 547.

It is not our purpose, nor are we called upon to apply to the fullest extent the principles announced in the line of cases just cited to the instant case, since there is an obvious distinction. In those cases, or some of them at least, the funds diverted were the results of a levy of taxes for general purpose which had been allocated to

specific purposes by the controlling body. Here the bonds were voted by the citizens for a specific purpose, and as a general proposition, a diversion to an entirely different and distinct purpose would encounter the force of Section 180 of the Constitution.

We find authority for upholding the plan and purpose here proposed in the recent case of Fiscal Court of Estill County v. Debt Commission, 286 Ky. 114, 147 S. W. (2d) 375, 378, where the question arose as to the right of the fiscal court to apply a residue of proceeds of a bond issue and sale for the specific purpose of building a designated road, and the purpose had failed, to purchase outstanding bonds. We held that "the exigencies of the situation make it a reasonable and fair disposition of the money to reduce the debt by buying the bonds and cancelling them." In the light of that decision we see no reason why the plan proposed here would be illegal, or in contravention of Section 180 of the Constitution, or any existing law. It may be well assumed that the plan here proposed, if carried out, will have the effect of reducing the tax levy, surely to the extent the debt is reduced. We express the conclusion that the chancellor correctly declared the rights and duties of the parties.

Judgment affirmed.