## Southeastern Greyhound Lines, Inc., v. City of Lexington.

March 6, 1945.

Stoll, Muir, Townsend, Park & Mohney for appellant.

William Minihan for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

For the purpose of acquiring a site upon which to establish a terminal, appellant, Southeastern Greyhound Lines, purchased at public auction from appellee, City of Lexington, real estate fronting on Short Street in the City. The purchase price was Fifty Thousand Dollars ($50,000). The deed to the property tendered appellant in pursuance of the sale was refused, upon the ground that the City was unable to convey a fee simple title. Thereupon, the City filed this action under Section 639a1-5 of the Civil Code of Practice, seeking a declaration of its right to convey, and appellant's right to obtain, title to the property. Appellant entered its appearance in the action, and expressed its willingness to accept the deed, if thereby it can obtain a fee simple title. Demonstrative of its good faith, it paid into Court the full purchase price of the property.

The question presented for our determination is: Whether a city may sell to a private citizen real estate acquired by condemnation as a site for a city auditorium, upon a showing that the city had been required to abandon its original purpose because of a lack of funds to carry out the purpose, and a refusal on the part of the voters to approve a bond issue by which the necessary funds were proposed to have been raised.

In the year 1919, the electorate of the City approved a bond issue in the amount of Five Hundred Thousand Dollars ($500,000) to raise funds with which to purchase sites and thereon erect a city hall and city auditorium. The property in question was condemned and purchased by the City as a site for the auditorium; adjacent property in like manner was purchased by the City as a site for the city hall. The city hall was constructed on the property acquired for the purpose. The city auditorium was never built, because the entire fund realized from the sale of the bonds was used in acquiring the property condemned and in the cost of construction of the city hall. Thereafter, on two different occasions, the voters of the City refused to authorize the issuance of bonds for the purpose of acquiring funds to complete the original purpose. As a result, the property has remained idle (except for temporary leasing) for a period in excess of twenty years; and all hope of devoting the property to any public purpose has been despaired of, and, for that matter, abandoned. The ordinance authorizing the sale of the property provides that the net proceeds of the sale shall

be applied to the retirement of the bonds whose original issue provided the funds used by the City in acquiring the property.

The general rule in respect to the right of a municipality to dispose of property is: That property held in a governmental capacity cannot be sold without legislative authority, but must be devoted to the uses and purposes for which it was intended. But property held by the city in a private capacity, and not dedicated to a public use, may be sold by the municipality. In Bedford-Nugent Co. v. Argue, 281 Ky. 827, 137 S. W. 2d 392, we held that where land acquired by the city has been actually dedicated as a park, the city is without power, in the absence of legislative authority, to abandon the park or to divert its use to other purposes. In the acquisition and maintenance of parks, a municipality functions in a governmental capacity, and holds the property in trust for the public, and is subject to the plenary control of the Legislature. 39 Am. Jur., Sec. 15, p. 812, and Sec. 18, p. 815; Massey v. City of Bowling Green, 206 Ky. 692, 268 S. W. 348. But where the acquisition of the property is not in the exercise of a governmental function, and the public at large is not concerned with the use to which it is put, the city has the right to dispose of the property without consent of the Legislature. But there is a distinction between property acquired for a public purpose and not dedicated to that use, and property purchased for the purpose and actually dedicated to the use. Where the property has been purchased or condemned for a public purpose, and has not been dedicated to such use, the city may sell it, provided, in the case of purchase, there is no limitation on the power contained in the deed. 39 Am. Jur., Sec. 35, p. 830. In McQuillin Municipal Corporations, Second Edition, Revised Vol. 3, Sec. 1242, p. 1026, it is said:

"All property held by the city in fee simple, without limitation or restriction as to its alienation, may be disposed of by the city at any time before it is dedicated to a public use. In other words, the city has the right to sell or dispose of property, real or personal, to which it has the absolute title and which is not affected by a public trust, in substantially the same manner as an individual unless restrained by statute or charter; and this power is an incidental power inherent in all corporations, public or private. * * * So land bought

for a public purpose, if not actually so used, cannot be said to be affected by a public trust, and hence may be sold. * * *"

See also cases cited in support of this text in Footnote 50. To the same effect are the opinions in Palmer v. City of Albuquerque, 19 N. M. 285, 142 P. 929, L. R. A. 1915A, 1106; Buckhout v. City of Newport, 68 R. I. 280, 27 A. 2d 317, 141 A. L. R. 1440; City of Ft. Wayne v. Lake Shore & M. S. Ry. Co., 132 Ind. 558, 32 N. E. 215, 18 L. R. A. 367, 32 Am. St. Rep. 277; Lester v. Walker, 177 Ark. 1097, 9 S. W. 2d 323; Head-Lipscomb-McCormick Co. v. City of Bristol, 127 Va. 669, 105 S. E. 500; Keatley v. Summers County Court, 70 W. Va. 267, 73 S. E. 706, Ann. Cas. 1913E, 523; Konrad v. Rogers, 70 Wis. 492, 36 N. W. 261.

The record shows, and the Trial Court determined, that the demand for a municipal auditorium in the City of Lexington has ceased; but even if this were not an established fact, there seems little likelihood that the voters of the City will permit the auditorium to be built. The property was acquired by the City in good faith for a purpose which, under the facts of this record, cannot be consummated. The property has never been dedicated to a public purpose, and the purpose for which it was acquired now has been abandoned. Under the authorities recited above, and which we believe to be sound, we are of the opinion the City has the authority to sell the property in question, and convey a fee simple title. The City has met all reasonable requirements of equity by ordaining that the proceeds of the sale shall be used to retire the city hall-city auditorium bonds, a part of the proceeds of which originally was used to pay for the property in the condemnation proceedings. Fiscal Court of Estill County v. Debt Commission of Kentucky et al., 286 Ky. 114, 149 S. W. 2d 735; City of Ashland et al. v. Board of Education of City of Ashland, 286 Ky. 69, 149 S. W. 2d 728.

Since the lower Court's judgment is in conformity with this opinion, it is affirmed.