## COMMONWEALTH

v.

## CITY OF CORBIN.

Court of Appeals of Kentucky.

Jan. 29, 1954.

J. D. Buckman, Jr., Atty. Gen., Gillard B. Johnson, Jr., Asst. Atty. Gen., for appellant.

H. M. Sutton, Corbin, for appellee.

MILLIKEN, Justice.

This suit involves the authority of the City of Corbin to sell and convey real estate which it condemned, purchased, and used as the site of a city hall and other public structures, but which it abandoned when a new city building was established at another site. No structure had been erected on the specific portion of the real estate involved in this litigation. The Whitley Circuit Court held that the city had the authority to sell and convey the property, and that the particular lot in question had not been used for anything by the city.

The Commonwealth of Kentucky through its agency, the State Property and Buildings Commission, is purchasing sites over the state for the erection of district office buildings for the Department of Economic Security. In furtherance of this program, the Commonwealth exercised an option to purchase a lot owned by the City of Corbin, and an executed deed and abstract of title were duly submitted by the city. The Attorney General and attorney for the Department of Economic Security were

doubtful of the authority of the city to sell and convey the property, and this litigation was instituted to resolve that doubt.

The city purchased the lot in a condemnation proceeding. The deed conveying the property recites, in compliance with the court order, that the land condemned was for the purpose of the erection of a courthouse and jail and other buildings for the transaction of the city's business and the convenience of its citizens. Following the acquisition of the property, the city erected municipal buildings, including a city hall, and used the buildings in municipal administration. All of the structures were erected on that portion of the property west of a recently established alley except a small temporary building that was erected on the southwest corner of the property herein in litigation. This temporary building was used in connection with WPA work being carried on in the city during the depression. It was torn down and removed several years ago. No buildings, other than the temporary building above mentioned, were ever erected on the lot east of the alley, and no dedication or specific use was made of the property in litigation, except in so far as it was a part of the whole tract on which the city buildings were erected.

The city owns a building in the center of town which was more conveniently located, and all of the city's administrative functions—city hall, police station, courtrooms, etc., are now carried on in that building. In fact, the property now being used by the city is the property which was the subject of litigation in the case of Masonic Widows' & Orphans' Home v. City of Corbin, 229 Ky. 375, 17 S.W.2d 215.

The question is, whether a city may sell to the Commonwealth a part of a parcel of real estate acquired by condemnation action, for the purpose of erecting a courthouse and jail and other buildings for the transaction of its business and convenience of its citizens, upon showing that the part being sold was never used separately for the purpose acquired and the whole of the property has been abandoned.

The general law, applicable to the question presented, is set out in the case of Southeastern Greyhound Lines v. City of Lexington, 299 Ky. 510, 186 S.W.2d 201, 202. Commissioner VanSant, speaking for the court, in his able manner, said:

"The general rule in respect to the right of a municipality to dispose of property is: That property held in a governmental capacity cannot be sold without legislative authority, but must be devoted to the uses and purposes for which it was intended. But property held by the city in a private capacity, and not dedicated to a public use, may be sold by the municipality. In Bedford-Nugent Co. v. Argue, 281 Ky. 827, 137 S.W.2d 392, we held that where land acquired by the city has been actually dedicated as a park, the city is without power, in the absence of legislative authority, to abandon the park or to divert its use to other purposes. In the acquisition and maintenance of parks, a municipality functions in a governmental capacity, and holds the property in trust for the public, and is subject to the plenary control of the Legislature. 39 Am.Jur., Sec. 15, p. 812, and Sec. 18, p. 815; Massey v. City of Bowling Green, 206 Ky. 692, 268 S.W. 348. But where the acquisition of the property is not in the exercise of a governmental function and the public at large is not concerned with the use to which it is put, the city has the right to dispose of the property without consent of the Legislature. *But there is a distinction between property acquired for a public purpose and not dedicated to that use, and property purchased for the purpose and actually dedicated to the use. Where the property has been purchased or condemned for a public purpose, and has not been dedicated to such use, the city may sell it, provided, in the case of purchase, there is no limitation on the power contained in the deed.* 39 Am.Jur., Sec. 35, p. 830. In Mc-Quillin Municipal Corporations, Sec-

ond Edition, Revised Vol. 3, Sec. 1242, p. 1026, it is said:

" 'All property held by the city in fee simple, without limitation or restriction as to its alienation, may be disposed of by the city at any time before it is dedicated to a public use. In other words, the city has the right to sell or dispose of property, real or personal, to which it has the absolute title and which is not affected by a public trust, in substantially the same manner as an individual unless restrained by statute or charter; and this power is an incidental power inherent in all corporations, public or private. * * * So land bought for a public purpose, if not actually so used, cannot be said to be affected by a public trust, and hence may be sold. * * * ' " (Emphasis ours.)

■■ It must be remarked in passing that the parties to this litigation are public agencies, one a municipal corporation and one an arm of the state government, and both armed with the power of condemnation. The city is authorized by KRS 86.110(3) and (5) to buy any real estate within the city it considers necessary for city purposes, and to "sell and dispose of any city property". Whether this statutory authorization was intended to include the sale and conveyance by the city of property used for a governmental purpose has not been adjudicated in Kentucky by any case called to our attention, and it is not necessary for us to rule on the question here. The trial court found as a fact that the lot in question had not been used by the city, and the testimony adduced supports its finding. In other words, it never had been dedicated to or by public use. Since that was its status, it was not within the principle which forbids the city to alienate the lot without legislative permission. The city, therefore, had the statutory power to convey this property. 63 C.J.S., Municipal Corporations, § 962, page 512, citing Southeastern Greyhound Lines v. City of Lexington, supra; Buckhout v. City of Newport, 68 R.I. 280, 27 A.2d 317, 141 A.L.R. 1440.

The judgment is affirmed.