**C. C. BRUNNER, Appellant,**

v.

**CITY OF LOUISVILLE, Appellee.**

Court of Appeals of Kentucky.

March 14, 1958.

C. L. Bell, Louisville, Josiah B. Gathright, Louisville, for appellant.

William E. Berry, Louisville, for appellee.

SIMS, Judge.

Appellant, C. C. Brunner, sued appellee, City of Louisville, for $5000 damages done to a lot he claimed to own located in the city on the corner of Latterle and Mellwood Avenues by reason of the city's alleged trespass in excavating on the lot for its flood wall. The answer of the city set up its title to the lot but admitted it should reimburse Brunner $78.64 in taxes he paid on the property. In his reply Brunner pleaded the city was estopped from claiming title to the lot by reason of a deed it had executed conveying same to him. The court rendered a summary judgment decreeing the city to be the owner of the property but that it should refund with interest from the date of each tax payment $78.64 Brunner had paid in taxes to the city on the property.

The record shows that in 1922 the lot was sold by the tax receiver of the city for $13.65 taxes owed thereon by R. S. Noel. Charles H. Wiltsie became the purchaser for the delinquent taxes and on November 12, 1924, the tax receiver made him a deed to the property. Wiltsie had the deed put to record the next day but never took possession of the lot.

R. S. Noel and wife, Amanda, conveyed the lot to Mary Hamilton in 1922 and in 1924 Mary and her husband reconveyed it to R. S. and Amanda Noel, with right of survivorship, and the Noels and their heirs were in possession of the property from 1924 until it was conveyed to the city.

In 1936 Amanda, as the survivor of R. S. Noel, conveyed to the commissioner of sewers of Louisville a 40 foot perpetual easement over the lot for the construction of a sewer line with the right of ingress and egress. The property was again sold for taxes in 1933 and the city became the purchaser and in 1938 a deed was executed to the city by its tax receiver. In April 1949 the heirs of Amanda Noel conveyed the city a perpetual easement over the property for the construction of a flood wall. In 1949 the property was assessed for city taxes in the name of Charles Wiltsie and the city. The taxes were not paid and the property was sold for delinquent taxes and appellant became the purchaser and a tax deed was executed to him by the city tax receiver. Of course, this was through mistake on the part of the city tax commissioner as Wiltsie then had no interest in the property and the city tax commissioner had no right to assess the city's property held for a public use for taxes due the city. Appellant occupies the anomalous position of having bought property to satisfy taxes not owed by the city, as it was the owner of the property when the city tax commissioner assessed same, and then appellant obtained a deed from the city for paying taxes to the city which were not owing.

Appellant argues that the city was not holding the property for public purposes and its tax commissioner was right in assessing taxes against it. However, the record shows the city had acquired the property for the purpose of constructing a sewer line across it and for the purpose of constructing a flood wall on it. When the city acquired this property for a public purpose it became exempt from city taxes. City of Harlan v. Blair, 251 Ky. 51, 64 S.W.2d 434. Under KRS 83.010 a first class city is given the authority to sell real estate but if the property is dedicated to a public use the city may not sell it. Southeastern Greyhound Lines v. City of Lexington, 299 Ky. 510, 186 S.W.2d 201.

The deed executed to appellant on December 8, 1952, by the city tax receiver is void and appellant took no title thereunder because of the deed Amanda Noel made to the city in 1936 and of the one her heirs made to the city in 1938.

It is argued by appellant that under KRS 91.500 the director of finance could sell this property as that section permits a sale of property by the city which it has purchased for delinquent taxes. The answer to this argument is twofold. First, this was not a sale of property the city had purchased at a tax sale but was a sale of property to satisfy taxes the city was supposed to owe itself. Second, the statute provides the board of aldermen must by ordinance direct the time and manner of sale, and there is no ordinance in this record directing the sale.

Appellant next argues that the city having executed him a deed for the property is estopped from asserting against him any title in derogation of its deed, citing Shaver v. Ellis, 226 Ky. 806, 11 S.W.2d 949, which quoted from Simmons' Adm'r v. Simmons, 150 Ky. 85, 150 S.W. 59. This is the general rule but it has no application here. The tax commissioner made a mistake when he assessed taxes against property the city owned for a public purpose.

Another mistake was made in selling the city's property for taxes when none was owing and the tax receiver under KRS 91.500 was without authority to sell the property as that section provides a sale shall be by the director of finance of the city and by virtue of an ordinance passed by the board of aldermen directing the time and manner of sale. The city tax commissioner was without authority under KRS 91.480 to sell the property for delinquent taxes owing by the city as it could not owe taxes to itself. A municipal corporation cannot be estopped in the prosecution of public affairs by the errors, mistakes or unauthorized acts or dereliction of duty on the part of its officers or employees. Vaughn v. City of Williamsburg, 245 Ky. 339, 53 S.W.2d 690; Monticello Electric Light Co. v. City of Monticello, Ky., 259 S.W.2d 486; Farrow v. City Council of Charleston, 169 S.C. 373, 168 S.E. 852, 87 A.L.R. 981, and the annotations following that case. Also see 19 Am.Jur. "Estoppel" § 168, p. 820.

The judgment is affirmed.