Martha A. **WILLGING,** individually and as Executrix of the Estate of John Z. Willging, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 3245.

United States District Court, E. D. Washington, N. D.

March 20, 1970.

Lukins, Seelye & Randall, Spokane, Wash., for plaintiff.

Dean C. Smith, U. S. Atty., and John M. Kirk, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMO DECISION

POWELL, Chief Judge.

This action was instituted to recover a tax refund. It is based on stipulated facts appearing in the pretrial order. This Court has jurisdiction under 28 U.S.C. 1346(a) (1).

The plaintiff is Martha A. Willging. She brings the action individually and as executrix of the estate of John Z. Willging, deceased. The date of his death was November 15, 1966.

The plaintiff and the decedent owned a grain farm near Moses Lake, Washington. At the time of the death of the decedent the grain on hand was inventoried and valued at $37,953.98. The grain had the same value in the inventory at the end of the calendar year 1966. The joint income tax returns filed by plaintiff and decedent were on a calendar year accrual basis.

The grain was community property of the plaintiff and her deceased husband. The opening inventory in the calendar year 1966, as shown by the income tax return 1040, was $1195.00. Plaintiff wife maintains that her one-half of the closing inventory December 31, 1966, which was the same as the inventory in the estate at the date of the death of her husband, is not includable in the return as income. She contends it is property that passed to her by reason of the death of the decedent.

The pertinent part of Section 1014 of the Internal Revenue Code of 1954 is as follows:

"SEC. 1014. Basis of Property Acquired From a Decedent.

(a) *In General.*—Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a dece-dent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date of the decedent's death, or, in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections.

(b) *Property acquired from the decedent.*—For purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent:

*    *    *    *    *    *

(6) In the case of decedents dying after December 31, 1947, property which represents the surviving spouse's one-half share of community property held by the decedent and the surviving spouse under the community property laws of any State, Territory, or possession of the United States or any foreign country, if at least one-half of the whole of the community interest in such property was includable in determining the value of the decedent's gross estate under chapter 11 of subtitle B (section 2001 and following, relating to estate tax) or section 811 of the Internal Revenue Code of 1939;

*    *    *"

After a review of the briefs of the parties, a review of the regulations and statute, and of Rev.Rul. 393, 1958, 2 C.B. 174, I have concluded that the plaintiff is entitled to recover and that the wife's community one-half of the inventory of the grain grown in 1966 is not properly income but is properly property that is acquired by her from a decedent under Section 1014(b) (6).

37 Tex.L.Rev. 350, 352, fn. 16 (1959) states:

" *    *    * The Commissioner will also treat crops and livestock held by an *accrual*-basis farmer at his death as

'property' items under Section 1014 so that the basis of the items become fair market value at date of death. Rev. Rul. 58–393, 1958 Int.Rev.Bull.No. 32, at 11."

I see no difference between a cash basis and an accrual basis taxpayer in applying Section 1014(b) (6). The plaintiff will be permitted a recovery of the amount of the tax represented by the adjustment to be made in the return for the year 1966, by eliminating from the closing inventory of the surviving spouse, or adding to the opening inventory, one-half of the crop as property passing to the survivor from the decedent.