**Martha A. WILLGING, Individually and as executrix of the estate of John Z. Willging, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 26618.**

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1973.

Paul M. Ginsberg, Atty. (argued), Meyer Rothwacks, Elmer J. Kelsey, Attys., Johnnie Walters, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Dean C. Smith, U. S. Atty., Spokane, Wash., for appellant.

Gary C. Randall (argued), Scott B. Lukins, of Lukins, Seelye & Randall, P. S., Spokane, Wash., for appellee.

Before ELY and GOODWIN, Circuit Judges, and FERGUSON, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

The government appeals a district court judgment, 313 F.Supp. 297, grant-

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

ing the taxpayer a refund of part of the income taxes she paid in 1966.

Mrs. Willging and her husband were wheat farmers, owning community property, and reporting their income on the accrual basis. To determine their income for each year, they would add to the sales price of products sold during the year the value of their closing inventory and would subtract from this figure the value of their opening inventory. Treas.Reg. § 1–61–4. Inventories were valued under the "farm price" method (market price less direct costs of disposition), Treas.Reg. § 1.471–6; expenses were deducted in the year in which they were incurred. Treas.Reg. § 1.162–12.

The value of the Willging's opening grain inventory for 1966 was $1,195. On November 15, 1966, Mr. Willging died. At that time the value of the grain inventory was $37,953.98. The grain had the same value at the end of the year.

Mrs. Willging contends that the entire increase in the value of the 1966 crop inventories between the first of the year and November 15 escapes taxation because Int.Rev.Code of 1954, § 1014, stepped up the basis of the grain to its market value on the death of her husband. In the alternative, she argues that the half of the crop which vested in her on November 15 by virtue of the community-property laws escapes taxation.

The basic thrust of Mrs. Willging's first argument is that accrual-basis farmers should be treated the same as cash-basis farmers. A cash-basis farmer who dies owning an appreciated inventory is not taxable on the unrealized appreciation. Nor does his spouse take over a potential tax liability, for she receives upon his death a stepped-up basis under § 1014(b)(1). Rev.Rul. 58–436, 1958–2 Cum.Bull. 366. If the property is owned by the community (in a community-property state) there is still no realization upon the death of one spouse. The surviving spouse is entitled to a stepped-up basis under § 1014(b)(6) if at least one half of the whole of the community interest in such property was includable in determining the value of the decedent's gross estate.

However, because Mr. Willging elected to be taxed under the accrual method of accounting, the value of the grain was "realized" when it increased his inventory value. No sale was necessary for realization. Mr. Willging's death did not have the effect of accruing items which would not otherwise have been accrued, § 451(b), but it did serve as an occasion (the closing of his tax year) for taxing the income he had received during his last taxable year. Section 1014 does not affect the imposition of this tax. The distinction between the taxation of cash and accrual-basis farmers on death is not fortuitous, but follows directly from the method of accounting used by the respective taxpayers. We see no reason to force the Commissioner to permit all accrual-basis farmers effectively to switch to the cash basis in the year of death. *Cf.* United States v. Catto, 384 U.S. 102, 113–117, 86 S.Ct. 1311, 16 L.Ed.2d 398 (1966).

Only half of the accrued increase in value of the inventories was taxed on the death of Mr. Willging because the other half vested in Mrs. Willging by virtue of the community property laws. Mrs. Willging contends that, even if her husband was properly taxable on his half on the inventory, she is not taxable on her half because the stepped-up basis provided by § 1014(b)(6) for community property is substituted for the beginning-of-the-year inventory value which she would normally use. Mrs. Willging points out that § 1014 applies "except as otherwise provided in this section," § 1014(a), and that the Commissioner makes no contention that the crops represent "income in respect of a decedent," which is excepted from the application of § 1014, §§ 691, 1014(c). She contends that § 1014(b)(6) entitles her to the benefit of a stepped-up basis without the disadvantage of current taxation on the increase in value, although

**14**

for a noncommunity spouse of an accrual taxpayer this would be impossible. (For § 1014 to apply to a noncommunity spouse, the property is required to have been held by the decedent, and the decedent would have been taxable on the accrued increase.)

Mrs. Willging claims more for § 1014 than Congress intended. We do not rely on the failure of the regulations under which the taxpayer computed her income to refer to the "basis" of the crops involved. "Basis" is a general tax accounting term whose use cannot be so tightly circumscribed. See 85 Harv.L. Rev. 880, 884 (1972). Moreover, the Code recognizes that "basis" is a concept relevant to the computation of inventories, § 1013, and the Commissioner allows cash-basis farmers the step-up denied here although the regulations under which they compute their income make no use of the term "basis." Treas.Reg. § 1.61-4(a).

The real issue in this case is one of realization. Section 1014 operates to exempt unrealized property income from tax on the death of the owner of the property; it does not reach back to income realized before death. Income is realized under an accrual method of accounting "when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy." Treas.Reg. § 1.451-1(a). Because of the nature of the market for farm produce, the Commissioner allows farmers to use the increase in inventories as a realizing event. This was the method of accounting chosen by the taxpayer. It follows that § 1014 does not help Mrs. Willging, for, although it may increase her basis, it does so after the income from her crops has been realized. The time of the mechanical computation of income, at the end of the year, is irrelevant. To hold otherwise would be to make the sale of crops the determining event although the taxpayer had adopted a system of accounting which did not distinguish between sale and increase in inventory value. This would constitute a change of accounting method without the consent of the Secretary, proscribed by § 446(e).

We are reinforced in our conclusion by a consideration of the purpose of § 1014(b)(6). Given our holding that tax was due on the income accrued by Mr. Willging in the year of his death, the benefit for which Mrs. Willging contends would be peculiar to community-property taxpayers. Section 1014(b)(6) was designed to equalize the incidence of taxation between community-property and common-law states, not to provide a special benefit to community-property taxpayers. Stanley v. C. I. R., 338 F.2d 434 (9th Cir. 1964); Bath v. United States, 211 F.Supp. 368, 370 (S.D.Tex. 1962), aff'd per curiam, 323 F.2d 980 (5th Cir. 1963).

Reversed.